## ABRAHAM WOLF, Respondent, v. MATLE WOLF, Appellant.

(169 N. W. 577.)

**Divorce — action for — ground — extreme cruelty — evidence — desertion by plaintiff.**

The plaintiff brings this action for a divorce on the ground of extreme cruelty, but the evidence shows that defendant has been too submissive and the plaintiff has been guilty of wilful desertion and wilful neglect. Judgment reversed and action dismissed.

Opinion filed November 1, 1918. Rehearing denied November 30, 1918.

Appeal from the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Defendant appeals.

Reversed and action dismissed.

*E. T. Burke* and *J. E. Burke,* for appellant.

Extreme cruelty consists of the infliction by one party to the marriage, "of grievous bodily injury or grievous mental suffering upon the other." Comp. Laws 1913, § 4382; 9 N. D. 188; 7 N. D. 324; and 12 N. D. 17; 9 R. C. L. 333.

Condoned offenses should not be considered even in connection with new grounds for divorce. 9 R. C. L. 380; Christianberry v. Christianberry, Blackf. (Ind.) 202, 25 Am. Dec. 96.

It is also true that voluntary marital cohabitation by the wife with her husband after acts of cruelty on his part which would have entitled her to a divorce will constitute condonation. 32 L.R.A.(N.S.) 837; Ann. Cas. 1912C, 10, 15.

*Greenleaf, Wooledge, & Lesk,* for respondent.

The claims of condonation, as that is defined by and understood in law, are in no manner sustained. Comp. Laws 1913, §§ 4390–4392.

ROBINSON, J. In this suit defendant appeals from a judgment awarding the plaintiff a divorce on the ground of extreme cruelty. The finding of the trial court is merely that "the defendant's conduct toward the plaintiff amounts in law to extreme cruelty."

The age of the plaintiff is forty-five years; the age of the defendant,

fifty years; they have one daughter, Minnie, whose age is twenty-five years. They are Russian Jews of the old school, and for some ten or more years he has been acting as a rabbi and Jewish teacher. Twenty-seven years ago after a short acquaintance, the parties were married in Russia. She was a thrifty dressmaker, and prior to the marriage and for years afterwards she supported her young husband. Soon after the marriage her brother paid their fare to New York city, where she worked at dressmaking and supported the family for years. There they lived for seventeen years and most of that time she supported the family. A part of the time he was learning to be a rabbi and working with her brother in the fur business. Then for a short time they kept a little eat shop, which he sold and ran off, leaving her under arrest for retaining possession of the shop.

During the first five years in New York he did nothing to support his family, and when he left the city he left her no means, and she did not hear from him for a year. After he had been gone a year she heard from him in Fargo, North Dakota; then he sent her $100 to come to Fargo and she came with her daughter. Soon they left Fargo and went to Chicago, where they remained a few weeks and went to Washington, D. C. Then he went back to Fargo, then to Chicago, and wrote defendant for money to take him back to Washington. In Chicago he worked in a basement, killing chickens. The good wife took pity on him, and borrowed money from her brother and sent it to him, so he returned to Washington and remained there some three years. Then without notice he left his wife, and she did not hear from him for six months. Then for a year and a half they lived at Aurora, Illinois. Then he went to Chicago, got a contract as a rabbi. He wanted to live in a big town. Then after a time he got leave of absence; got four weeks' pay to go on a vacation, and left his wife with $10 and a month's rent. Then he went off to Fargo and Minot to get the divorce and commenced this action on the first day after his year of residence. On the testimony it is entirely clear that he has been guilty of wilful neglect, wilful desertion, and wilful failure to support his family.

The defendant has been a long suffering, patient, and much abused wife. Indeed, she has been a regular goosey. By undue submission, by want of proper spirit, by failure to assert her rights as a woman

and a wife, and to resent the wrongful conduct of her husband, she has done a great wrong to him and to herself and to her daughter. And perhaps for that reason and that alone, he should have a divorce. However, it is not one of the causes provided by statute.

Judgment reversed and action dismissed.

BRUCE, Ch. J. I concur in the judgment and law announced by Mr. Justice ROBINSON, though not perhaps in his homilia.

GRACE, J. I concur in the result.